# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>VCF MEDICAL INC., and DOES 1 through 10 inclusive,<br><br>　　　　　　　　　　Defendants. | Case No. 1:25-cv-24324<br><br>**COMPLAINT**<br><br>(1) **COPYRIGHT INFRINGEMENT**<br>(2) **REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Tamara Williams, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of Florida, Defendant's

acts of infringement were directed towards the state of Florida, Defendant caused injury to Plaintiff within the state of Florida, and Defendant has a physical presence in the state of Florida.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer by trade.

6. Defendant, VCF Medical Inc. ("VCF" or "Defendant") is a Florida corporation with a principal place of business in Palm Beach Gardens, Florida.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and, on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants, and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated,

"Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

9. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed almost 600,000 followers.

10. Williams' work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Clare, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as NARS, KKW, Fenty, and Benefit.

11. Tamara Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Tamara Williams' work deters would-be infringers from copying and profiting from his work without permission.

12. Williams' works often contain a watermark of her previous Instagram handle "@tamarawilliams1" or, alternatively, her updated Instagram handle "@tamarawilliams" ("Plaintiff's Watermark").

13. Tamara Williams is the sole author and exclusive rights holder to a close-up beauty photograph of a blue-eyed model with a blonde strand of hair in front of her face ("Beauty Photograph").

14. Williams' Beauty Photograph, as originally published, contained Plaintiff's Watermark.

15. Attached hereto as Exhibit A is a true and correct copy of the Beauty Photograph.

16. Tamara Williams registered Beauty Photograph with the United States Copyright Office under Registration Number VA 2-259-542 with an Effective Date of Registration of July 13, 2021.

17. Attached hereto as Exhibit B is a true and correct copy of Registration Certificate VA 2-259-542.

18. According to its website, VCF is a medical spa which offers treatment for hormone optimization and weight loss, as well as aesthetic treatments such as facials, injectables, and Botox. *See generally* vcfmedical.com.

19. VCF manages, operates, and controls the Facebook account "Victoria Forte, Board-Certified Nurse Practitioner" www.facebook.com/vcfaestheticinjector ("Defendant's Facebook Account").

20. On information and belief, Defendant's Facebook Account generates content to promote Defendant(s)' products and services, attract social media

followers and user traffic to the Defendant's main webpage, and generate profit and revenue for the company and its owner(s).

21. At all relevant times, VCF had a direct financial interest in the content and activities of the Defendant's Facebook Account, including the activities alleged in this Complaint.

22. At all relevant times, Defendant's Facebook Account was readily accessible to the general public throughout Florida, the United States, and the world.

23. On or about March 23, 2024, Tamara Williams discovered her Beauty Photograph copied and published on Defendant's Facebook Account as the cover image of an informational post, with text added stating "Valentines specials," "who is ready for lips like this," and "100 off every filler for the month of February" ("Infringing Post").

24. Attached hereto as Exhibit C are true and correct screenshots of Defendant's Facebook Account showing the Infringing Post.

25. In the Infringing Post, Defendant has blurred out Plaintiff's Watermark so it is no longer visible in the Beauty Photograph in the Infringing Post. *See* Exhibit C.

26. Attached hereto as Exhibit D is a side-by-side of the Beauty Photograph with Plaintiff's Watermark and the Beauty Photograph as used in the Infringing Post. Showing that Plaintiff's Watermark has been removed via blurring by Defendant.

27. Tamara Williams has never at any point granted VCF a license or other permission to copy, display, distribute, or otherwise use the Beauty Photograph in the Infringing Posts on Defendant's Facebook Account or elsewhere.

28. VCF, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Beauty Photograph to Defendant's Facebook Account without Tamara Williams' consent or authorization.

29. Williams is informed and believes that the purpose and use of the Beauty Photograph on Defendant's Facebook Account was to promote and encourage the sale and use of Defendant's spa services by providing high-quality, professionally-produced photographs to assist the viewer in visualizing the results that could be achieved by using Defendant's services.

30. Williams is informed and believes that Defendant (including its employees, agents, contractors, or others over whom it has responsibility and control) used, displayed, published and otherwise held out to the public Williams' original and unique Beauty Photograph for commercial benefit in order to acquire a direct financial benefit, through revenue from the sales of Defendant's services, from use of the Beauty Photograph.

31. On information and belief, Defendant's use of the Beauty Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Beauty Photograph in the Infringing Posts on

Defendant's Facebook Account or in any other way.

32. Soon after discovering the Infringing Posts, Tamara Williams, through counsel, reached out to Defendant to have the Beauty Photograph removed and to attempt to resolve this matter without court intervention, but the parties were unable to come to an agreement.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq*

33. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

34. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Beauty Photograph.

35. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Beauty Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Beauty Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Posts.

36. VCF, including its employees, agents, contractors or others over whom it has responsibility and control, copied and uploaded the Beauty Photograph to Defendant's Facebook Account without Tamara Williams' consent or authorization.

37. VCF, including its employees, agents, contractors or others over whom

it has responsibility and control, willfully uploaded the Beauty Photograph onto Defendant's Facebook Account because VCF knew it did not have permission to use the Beauty Photograph.

38.     VCF, including its employees, agents, contractors or others over whom it has responsibility and control, used, displayed, published, and otherwise held out to the public Wiliams' original Beauty Photograph through their unauthorized use in the Infringing Post on Defendant's Facebook Account without Tamara Williams' consent or authorization.

39.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount pursuant to 17 U.S.C. § 504(c).

40.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

41.     Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
### REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION
### 17 U.S.C. § 1202(b)

42.     Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) knowingly and intentionally removed copyright management information related to the Beauty Photograph.

44. Specifically, Defendant made unauthorized copies of the Beauty Photograph, and knowing it was not the rightful copyright owner and did not have permission from the owner of the Beauty Photograph, removed Plaintiff's Watermark from the Beauty Photograph before publishing the Beauty Photograph to Defendant's Facebook Account. *See* Exhibit D.

45. Defendant's conduct was knowing and intentional because Defendants knew that they were not the copyright owner of the Beauty Photograph; Defendant knew they had not licensed the Beauty Photograph for use on the Defendant's Facebook Account and Defendant knew they did not have consent to use the Beauty Photograph for use on the Defendant's Facebook Account or any other platform.

46. Defendant conduct constitutes a violation of 17 U.S.C. § 1202(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Beauty Photograph by copying, displaying, and distributing them without a license or consent;

- For an award of actual damages and disgorgement of all of profits

attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For a finding that Defendants intentionally removed copyright management information on the Beauty Photograph without the authority of the copyright owner or law pursuant to 17 U.S.C. § 1202(b);

- For an award of statutory damages for each violation of § 1202(b), in a sum of not less than $2,500 or more than $25,000, pursuant to 17 U.S.C. § 1203(c)(3)(B);

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre-judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: September 19, 2025                Respectfully submitted,

**/s/ Rosemary G. Sparrow**
Rosemary G. Sparrow, Esq.
FBN 1044700
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 710-3013
(714) 597-6729 facsimile
rsparrow@higbee.law
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff Tamara Williams hereby demands a trial by jury in the above matter.

Dated: September 19, 2025

Respectfully submitted,

**/s/ Rosemary G. Sparrow**
Rosemary G. Sparrow, Esq.
FBN 1044700
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 710-3013
(714) 597-6729 facsimile
rsparrow@higbee.law
*Counsel for Plaintiff*